## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RJLF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01398-JD |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court are the Petition, Response, and Reply [Doc. Nos. 1, 13, and 16]. Respondents' Response was filed after the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). While Respondents reserve their appellate rights over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A),[1] Respondents concede that *Santillan Quiroz* controls this Court's decision in this habeas action.

Upon consideration, and in accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). The Court, however, declines to address Petitioner's

---

[1] *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026) (the government's petition for a writ of certiorari challenging the Sixth Circuit's decision that § 1226(a) applies instead of § 1225(b)(2)(A)); Cert. Pet., *Buenrostro-Mendez v. Blanche*, No. 26-43 (filed July 2, 2026) (Buenrostro-Mendez's petition for a writ of certiorari challenging the Fifth Circuit's decision that § 1225(b)(2)(A) applies instead of § 1226(a)).

remaining claims, motions, and requests for additional relief. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13. A separate judgment will follow.

IT IS SO ORDERED this 13th day of July 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2